UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICKI LEE MOEN,<br><br>              Petitioner,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security Administration,<br><br>              Respondent. | Case No. 2:17-CV-00392-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Currently pending before the Court for its consideration is Ricki Lee Moen's Petition for Review of the Respondent's denial of social security benefits, filed September 20, 2017. (Dkt. 1.) The Court has reviewed the Petition for Review and the Answer, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand to the Commissioner.

**MEMORANDUM DECISION AND ORDER - 1**

## PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits and Supplemental Security Income on November 25, 2013, claiming Title II disability insurance benefits. This application was denied initially and on reconsideration, and a hearing was held on May 25, 2016, before Administrative Law Judge (ALJ) Jesse K. Shumway. After hearing testimony from Petitioner, vocational expert Thomas A. Polsin, medical experts Haddon Christopher Alexander, III, M.D., and Philip J. Gelber, M.D., ALJ Shumway issued a decision finding Petitioner not disabled on June 21, 2016. Petitioner timely requested review by the Appeals Council, which denied her request for review on June 9, 2017.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 33 years of age. Petitioner has less than a high school education, completing through the 11th grade. Petitioner's prior work experience includes work as a cashier/checker and stock clerk.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Preliminarily, the ALJ found that Petitioner had disability insurance coverage on December 31, 2013, which means Petitioner had to prove she was disabled by that date. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found that, although Petitioner worked after the date she alleges she became disabled,

**MEMORANDUM DECISION AND ORDER - 2**

September 30, 2013, the work did not rise to the level of substantial gainful activity.

At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's ankylosing spondylitis (inflammatory arthritis) and uveitis (inflammation of the eye) severe within the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that, through the date last insured of December 31, 2013, Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically, for ankylosing spondylitis, under Listings 14.09C and 14.09D. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was not able to perform her past relevant work as a cashier/checker, a combination light job with a specific vocational preparation, and also was not able to perform her past relevant work as a stock clerk, a heavy job. (AR 28.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience. At step five, the ALJ determined Petitioner retained the capacity to perform a range of light work, with a restriction to no work requiring depth

**MEMORANDUM DECISION AND ORDER - 3**

perception due to her sight limitations. The ALJ cited representative light work jobs such as a small parts assembler, cafeteria attendant, and a housekeeper. The ALJ found further that Petitioner retained the capacity to perform representative sedentary jobs, with the same depth perception limitation, such as order clerk, cashier, and charge account clerk. Thus, the ALJ found Petitioner not disabled from the alleged onset date, September 30, 2012, though the last date of her last insurance coverage, December 31, 2013.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v.*

**MEMORANDUM DECISION AND ORDER - 4**

*Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the Petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate

**MEMORANDUM DECISION AND ORDER - 5**

reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner believes the ALJ erred at step three by failing to consider evidence in the record establishing her ankylosing spondylosis as a severe impairment meeting Listing 14.09D. In the alternative, Petitioner argues the ALJ erred at step three by failing to consider Petitioner's ankylosing spondylosis, uveitis, and chronic pain in combination—as manifestations of the same arthritic condition—and to find that they equal Listing 14.09D. In turn, Respondent argues the ALJ properly found Petitioner's impairments do not meet Listing 14.09D, that Petitioner failed to show her impairments equal the listing's requirements, and that the ALJ properly considered the effects of Petitioner's illnesses in combination, including her chronic pain. The Court will discuss the merits of Petitioner's challenges below.

1. **Meet or Equal a Listing**

The ALJ found that Petitioner's impairments did not meet or equal any listing. Specifically, the ALJ found that Petitioner's impairments did not meet or equal Listing 14.09C and Listing 14.09D. As summarized above, Petitioner challenges the ALJ's finding only as to Listing 14.09D.

If the claimant satisfies the criteria under a listing <u>and</u> meets the twelve month duration requirement, the Commissioner must find the claimant disabled without

**MEMORANDUM DECISION AND ORDER - 6**

considering age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that her impairments meet or equal any particular listing. *Bowen v. Yuckert,* 482 U.S 137, 146, n. 5 (1987).

Listing 14.00 concerns immune system disorders in adults—Section 14.09 specifically concerns inflammatory arthritis. Ankylosing spondylitis is specifically identified in Listing 14.09C. The ALJ considered 14.09C and found Petitioner's ankylosing spondylitis did not meet or equal that listing. Petitioner does not challenge that finding. The ALJ considered also Listing 14.09D, which concerns repeated manifestations of inflammatory arthritis, and would encompass Petitioner's ankylosing spondylitis. The ALJ found Petitioner's ankylosing spondylitis did not meet or equal Listing 14.09D, which reads as follows:

> D. Repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R., Part 404, Subpart P, Appendix 1, Listing 14.09D.

The listing provides the following applicable definitions that are significant to the ALJ's determination of whether Listing 14.09D is met or equaled in Petitioner's case. Under the listing, "constitutional symptoms or signs" means "severe fatigue, fever,

**MEMORANDUM DECISION AND ORDER - 7**

malaise, or involuntary weight loss." Listing 14.00(C), Definitions. "Sever fatigue" means "a frequent sense of exhaustion that results in significantly reduced physical activity or mental function." *Id.* "Malaise" means "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function." *Id.* And, "severe" means "medical severity used by the medical community" and does not have the same meaning as used in connection with a finding at the second step of the sequential evaluation process. *Id.*

Additionally, the listing provides information specific to the documentation and evaluation of inflammatory arthritis. *Id.* at 14.00D(6). The listing explains that the "spectrum of inflammatory arthritis includes a vast array of disorders that differ in cause, course, and outcome." Clinically, however, the "inflammation of major peripheral joints" is often the dominant manifestation" and "there may be joint pain, swelling, and tenderness. *Id.* The listing explains also that, "in combination with extra-articular features, including constitutional symptoms or sights (severe fatigue, fever, malaise, involuntary weight loss) inflammatory arthritis may result in an extreme limitation." *Id.*

The listing provides that inflammatory arthritis involving the axial spine may be associated with ankylosing spondylitis. *Id.* at 6(b)(iii). Notably, severity in Listing 14.09D is shown by "inflammatory arthritis that involves various combinations of complications of one or more major peripheral joints," includes "extra-articular features, repeated manifestations, and constitutional symptoms or signs." *Id.* at 6(e)(ii). Extra-articular features of inflammatory arthritis "may involve any body system." The listing

**MEMORANDUM DECISION AND ORDER - 8**

provides specific examples of these systems, including uveitis. *Id.* at 6(e)(iii).

     i.     *The ALJ's finding that Petitioner's ankylosing spondylitis does not meet listing 14.09D is supported by substantial evidence in the record.*

The ALJ found that the record does not establish that Petitioner has two of the constitutional symptoms or signs required for her ankylosing spondylitis to meet listing 14.09D. (AR 24.) While acknowledging the record establishes Petitioner's reports of fatigue, the ALJ found no documentation of fever or malaise attributable to Petitioner's ankylosing spondylitis. *Id.* The ALJ found further that the record does not show weight loss during the relevant period (September 2012 to December 2013). *Id.* Instead, the ALJ found the medical evidence shows Petitioner's weight fluctuated between about 110 pounds and 118 pounds. *Id.* While Petitioner does not challenge the ALJ's finding about fever or malaise, she does assert that the record establishes she had weight loss during the relevant period. (Dkt. 12 at 7-8, 11-14.)

The record contains the following evidence related to Petitioner's weight from the period between September 30, 2012, through December 31, 2013, and after the relevant adjudicatory period, from January 1, 2014, through the date of the final medical record, December 17, 2015:

| Adjudicatory period | | Post-adjudicatory period | |
| --- | --- | --- | --- |
| Date | Weight (pounds) | Date | Weight |
| October 12, 2012 | 114.6 (AR 305) | February 13, 2014 | 112 (AR 375) |
| Nov. 12, 2012 | 117.4 (AR 303) | May 8, 2014 | 113 (AR 392) |

**MEMORANDUM DECISION AND ORDER - 9**

| Dec. 5, 2012 | 115.8 (AR 300) | June 9, 2014 | 113 (AR 392) |
|---|---|---|---|
| January 7, 2013 | 114.6 (AR 299) | July 2, 2014 | 116 (AR 387) |
| January 10, 2013 | 117.8 (AR 298) | July 30, 2014 | 108 (AR 379) |
| January 15, 2013 | 116 (AR 296) | May 6, 2016 | 119.2 (AR 518) |
| January 18, 2013 | 113 (AR 295) | Nov. 25, 2014 | 114 (AR 435) |
| April 24, 2013 | 118 (AR 362) | July 31, 2014 | 110 (AR 385) |
| July 17, 2013 | 116 (AR 367) | January 30, 2015 | 116 (AR 480) |
| Nov. 12, 2013 | 110 pounds (AR 371) | May 4, 2015 | 109 (AR 438) |
| | | August 18, 2015 | 114 (AR 441) |
| | | Dec. 10, 2015 | 113 (AR 412) |
| | | Dec. 17, 2015 | 114 (AR 513) |

In his evaluation of this evidence, the ALJ noted that Petitioner lost 12 pounds over an approximately 6-month period (weight of July 30, 2014, 108 pounds) but the weight loss occurred after Petitioner's date of last insured and is outside of the adjudicatory period. (AR 24.) As recorded above, the medical evidence shows that Petitioner's weight continued to fluctuate until December 17, 2015, when the record closes. Although Petitioner's weight of 108 pounds on July 30, 2014, was 10 pounds less than her weight of 118 pounds on April 24, 2013, by January 2015, Petitioner's weight was back up to 116 pounds. Months later, in May 2015, her weight dropped again, this time to 109 pounds. Months later, it was up to 114 pounds.

**MEMORANDUM DECISION AND ORDER - 10**

The Court finds that, although evidence of a continuing pattern of weight loss after the adjudicatory period would have been relevant to show her weight was continuing to decline, the record evidence shows instead that her weight continued to fluctuate. Provided this, the Court finds also that Petitioner has not met her burden of producing medical evidence to establish involuntary weight loss during the adjudicatory period. Thus, the ALJ's finding that Petitioner did not experience weight loss, but instead, weight fluctuation, is supported by substantial evidence in the record and there is no error in the ALJ's determination that Petitioner's ankylosing spondylosis does not meet listing 14.09D.

> ii. *The ALJ erred by failing to consider Petitioner's illnesses in combination when determining whether her impairments medically equaled the severity of at least one listed impairment.*

Petitioner argues that she has three severe documented conditions –ankylosing spondylosis, uveitis, and chronic pain– that, when considered in combination, medically equal Listing 14.09D. (Dkt. 12 at 11.) Petitioner argues "it is clear that she 'medically equals' [Listing 14.09D] because of the waxing and waning nature of her [ankylosing spondylosis] and uveitis during the relevant time period." (Dkt. 12 at 11.) Petitioner proffers that, when the record as a whole is considered, it shows she was having repeated periods of inflammation in her body and in her eyes, as shown by her medical treatment during the relevant period.

An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed

**MEMORANDUM DECISION AND ORDER - 11**

impairment," considering "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant…." 20 C.F.R. § 404.1526(a), (c). Further, equivalence depends on medical evidence only; age, education, and work experience are irrelevant. *Id.* at § 404.1526(c). Critically, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694-95 (9th Cir. 1985)). "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not" meet or equal a listed impairment. *Lewis*, 236 F.3d at 512 (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). Finally, if the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or otherwise, as to how her combined impairments equal a listing. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir. 2001).

In support of his findings that Petitioner's impairments do not meet or equal Listing 14.09D, the ALJ reviewed the record for evidence of fatigue, fever, and malaise attributable to her ankylosing spondylitis. (AR 24.) Also, as discussed above, the ALJ reviewed the record for evidence of weight loss related to the same. *Id.* In further support of his findings, the ALJ cited record evidence that showed Petitioner attended her children's school events and played with them. *Id.* The ALJ highlighted the fact that Petitioner stated she could pay attention "as long as needed," that she stated she could follow instructions "very well, and had no problems getting along with others." *Id.* The ALJ also cited Petitioner's activities of daily living that established she could engage in

**MEMORANDUM DECISION AND ORDER - 12**

many household chores, including doing laundry and preparing meals. *Id.*

Finally, the ALJ considered the opinion of testifying medical expert, Haddon Christopher Alexander, III, M.D., who opined that, although Petitioner's ankylosing spondylitis is a form of inflammatory arthritis, it does not meet or medically equal Listing 14.09D, because the record does not establish that Petitioner "has constitutional symptoms supported by an active disease process." *Id.* The ALJ gave great weight to Dr. Alexander's opinion, finding it consistent with the medical evidence. *Id.* Despite the reasoning above, at no point in his discussion of whether Petitioner's limitations meet or equal Listing 14.09D did the ALJ mention Petitioner's severe limitations from uveitis. *Id.* The ALJ also failed to recognize that the listing for inflammatory arthritis specifically includes uveitis as an extra-articular feature that demonstrates listing-level severity. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, Listing 14.00D(6)(e)(ii-iii); *see also* § 404.1529(4)(d)(2).

When the ALJ did discuss Petitioner's uveitis, it was in the context of determining her residual functional capacity (RFC). (AR 27.) In that context, the ALJ concluded that "the record establishes that [Petitioner] does not have consistently effective vision because of her uveitis." *Id.* Of note, the ALJ specifically highlighted evidence of an occasion during August 2013 (within the relevant period) when the examination by Petitioner's treating optometrist reported 10/400 vision in her left eye. (AR 342.) The ALJ included limitations within Petitioner's RFC specifically related to her vision loss shown by evidence like this, but failed to address or consider the same limitations at step

**MEMORANDUM DECISION AND ORDER - 13**

three. Additionally, the ALJ also failed to consider related pain in making his determination about whether Petitioner's impairments medically equaled the listing. *See* 20 C.F.R. § 404.1529(4)(d)(1).

In sum, the ALJ's failure to consider Petitioner's impairments in combination for purposes of determining whether they medically equal a listing constitutes clear legal error.

Upon a finding of error, Petitioner asks the Court to reverse this case because of the nature of her impairments. (Dkt. 12 at 11.) Ordinarily "the proper course ... is to remand to the agency for additional investigation or explanation." (*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). However, the Court may "reverse or modify an administrative decision without remanding the case for further proceedings" if the circumstance is appropriate. *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000); 386 42 U.S.C. § 405(g).

To apply this standard and award benefits, a court must find: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, the credit-as-true analysis allows the Court "flexibility to remand for further proceedings when the record as a whole creates serious doubt" as to whether the Petitioner is disabled. *Id.* at 1021.

**MEMORANDUM DECISION AND ORDER - 14**

Petitioner does not satisfy all three conditions of the credit-as-true standard. Although it is likely unnecessary to further develop the record or have additional administrative hearings, and although the Court finds the ALJ failed to supply legally sufficient reasons to determine Petitioner's limitations did not medically equal a listing, if the improperly discredited evidence were credited as true, it is not necessarily the case that the ALJ would be required to find the claimant disabled on remand.

Listing 14.09D requires the record to establish that Petitioner has a marked limitation in activities of daily living, social functioning, or completing tasks in a timely manner because of deficiencies in concentration, persistence, or pace. (AR 25.) Although the ALJ considered some facts related to Petitioner's limitations in these areas, as discussed above, the ALJ's opinion indicates he limited his analysis to the effects of Petitioner's ankylosing spondylitis only. The facts cited by the ALJ suggest he did not include consideration of limitations directly related to Petitioner's uveitis—i.e., her sight and vision limitations.

Furthermore, the Court finds upon its review of the record as a whole, that there is serious doubt as to whether Petitioner was disabled during the relevant period. For example, the Court notes that evidence in the record suggests Petitioner's severe limitations responded well to medical treatment—in particular, positive improvements were reported in July 2013 after she started taking Humira—a medication that modulates the immune system. (AR 344; 358.). It is also clear, however, that although Petitioner received injections into her left eye as a therapeutic treatment for her uveitis, the

condition was nevertheless consistent throughout the relevant period and must be considered, as explained above.[1] (*See* AR 346.)

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Petition for Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this decision.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: March 08, 2019

Candy W. Dale
U.S. Magistrate Judge

---

[1] The ALJ cited to Petitioner's work history, which showed her working into late 2012, despite having all relevant limitations and symptoms, and that her work history was sporadic, suggesting alternative explanations for her inability to sustain employment. (AR 27.)

There is also mention in the record that Petitioner was accused of selling her prescription methadone and an indication she may have been consuming more than prescribed. (*See* AR 309; 321; 390.) There is also mention in the record that one of Petitioner's health care providers did not believe the conditions she reported related to her health. (AR 295.)

**MEMORANDUM DECISION AND ORDER - 16**